642 S.E.2d 563

**In the Matter of Kristine L. ESGAR, Respondent.**

No. 26266.

Supreme Court of South Carolina.

Submitted Jan. 23, 2007.

Decided Feb. 20, 2007.

204

Henry B. Richardson, Jr., Disciplinary Counsel, and Barbara M. Seymour, Senior Assistant Disciplinary Counsel, both of Columbia, for the Office of Disciplinary Counsel.

Kristine L. Esgar, pro se, of Columbia.

PER CURIAM.

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21, RLDE, Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to either a public reprimand or definite suspension not to exceed sixty (60) days. *See* Rule 7(b), RLDE, Rule 413, SCACR. Respondent requests that any definite suspension be made retroactive to the date of her interim suspension.[1] We accept the Agreement and definitely suspend respondent from the practice of law in this state for a sixty (60) day period, retroactive to date of her interim suspension. The facts, as set forth in the Agreement, are as follows.

## FACTS

Respondent represented Complainant's husband in connection with injuries he sustained in an automobile collision in 2000. In 2004, respondent received a settlement of the policy limits available to Complainant's husband and a $2,000,000 confession of judgment against the at-fault party. Complainant's husband died shortly after the settlement funds were disbursed.

Respondent withheld a portion of the insurance money proceeds due to a lien asserted by a settlement funding company that had loaned money to Complainant and her husband prior to the settlement. Since 2004, respondent engaged in regular communication with the settlement funding company in an attempt to reduce or eliminate the amount owed from the funds collected. Respondent admits she should have communicated in writing with Complainant regarding the status of her negotiations with the settlement funding company when it became clear from her telephone calls that she did not understand the settlement funding company's claim.

In her response to Complainant's grievance, respondent requested additional time to supplement her response with documents from her client file which was in storage. Addi-

---

1. Respondent was placed on interim suspension on October 20, 2006. *In the Matter of Esgar*, 371 S.C. 4, 636 S.E.2d 861 (2006).

tional time was allowed, giving respondent until March 8, 2006. On February 28, 2006, respondent contacted ODC by telephone and requested an additional extension to March 30, 2006, which was granted. Respondent represents she mailed documents to supplement her response; however, ODC has no record of receiving them. On April 6, 2006, when no documents were received, ODC sent respondent a reminder letter requesting a response no later than April 14, 2006. Receiving nothing further from respondent, the Investigative Panel authorized full investigation on April 28, 2006.

ODC attempted service of the notice of full investigation on three addresses for respondent, one on record with the South Carolina Bar, one in the local telephone book, and one obtained by an investigator with the Office of the Attorney General. All three were returned undeliverable.

ODC attempted service of a notice to appear and subpoena on respondent by certified mail and personal service. These attempts were unsuccessful. The appearance date was rescheduled and a new notice was issued. The new notice was delivered to SLED with a request that respondent be served personally. SLED was able to identify and confirm a new current address for respondent. Seven attempts were made to deliver the documents to respondent. The SLED agent also left messages on respondent's cell phone; the messages were not returned.

During the time that the disciplinary investigation was pending, respondent was experiencing difficulty in getting her mail and her telephone messages. Respondent acknowledges that she should have taken appropriate steps to address those difficulties with the post office and with her cell phone service or should have made arrangements for other means of communication with her clients and ODC.

## *LAW*

■ Respondent admits that she has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.4 (lawyer shall keep client reasonably informed about status of a matter); Rule 8.1(b) (lawyer shall not knowingly fail to respond to lawful demand for information from disciplinary authority); and Rule 8.4(a) (lawyer shall not

violate Rules of Professional Conduct). Respondent further admits her misconduct constitutes a violation of Rule 7, RLDE, of Rule 413, SCACR, specifically Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct or any other rules of this jurisdiction regarding professional conduct of lawyers) and Rule 7(a)(3) (it shall be ground for discipline for lawyer to knowingly fail to respond to lawful demand from disciplinary authority).

## CONCLUSION

We accept the Agreement for Discipline by Consent and definitely suspend respondent from the practice of law for a sixty (60) day period, retroactive to the date of respondent's interim suspension. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that she has complied with Rule 30, RLDE, Rule 413, SCACR. Finally, within sixty (60) days of the date of her reinstatement by the Court, respondent shall pay the costs incurred by ODC in its investigation and prosecution of this matter.

**DEFINITE SUSPENSION.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.